*01006*
**Christopher L. Deininger, Esq.,**
DEININGER & ASSOCIATES, LLP
415 Route 10, Suite 1
Randolph, New Jersey 07869
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN LUNG And SGI INTERNATIONAL CORP., a Corporation Organized & Existing Under The Laws of The Republic of The Marshall Islands, | : : : : : : | |
| Plaintiffs, | : | Docket No. 1:20-cv-8631 |
| v. | : : | |
| JACOB S. SAMRA, and JOHN DOE I-V & JANE DOE DOE I – V (fictitious names used To describe unknown defendants), | : : : : : | **COMPLAINT WITH JURY DEMAND** |
| Defendants. | : | |

Plaintiffs JOHN LUNG and SGI INTERNATIONAL CORP., through counsel, as and for their Complaint against JACOB S. SAMRA and the other defendants, states the following:

## THE PARTIES & OTHER ACTORS

1. Plaintiff SGI INTERNATIONAL CORP. ("SGI" and/or "Plaintiff") is a foreign corporation organized and existing under the Laws of the Republic of The Marshall Island.

2. SGI maintains its offices at Building No. 3, Lihu Road, Siabian District, Guangdong Province, 523956 CHINA; and does not have any offices in the United States of America.

3. Now and at other relevant times, SGI has engaged in the manufacture and wholesale of fashion footwear, including wholesale footwear shipped F.O.B. by ocean-going container from China to the United States of America.

4. Plaintiff JOHN LUNG ("Lung," "Mr. Lung/" and/or "Plaintiff") is a United States citizen residing in China. Now and at all relevant times, Mr. Lung has been one of the owners of SGI and, now and at other relevant times, has been an officer of the company and investor in the company.

5. Chia Suit Chen, a/k/a "Kimmy Chen" (hereinafter, "Mrs. Chen"), is the wife of Mr. Lung, a co-owner of SGI, and, now and at other relevant times, has also been an officer of the company. Mrs. Chen is a citizen of Taiwan and resides with Mr. Lung outside of the United States.

6. Defendant JACOB S. SAMRA ("Defendant" and/or "Mr. Samra"), now and at all relevant times, was and remains a citizen of the United States of America, residing at 28 Surrey Road, Great Neck, New York 11020.

7. Defendants JOHN DOES I through V and JANE DOES I through V are fictitious names for persons presently unknown who were culpably involved with one or more other defendants in the acts and omissions which caused harm and injury to the Plaintiff.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332 (a) (2) because SGI is deemed a citizen of the Republic of the Marshall Islands; because Mr. Lung is a citizen of the United States residing in China; because Mr. Yosi is a citizen of the United States of America residing in New York State; and, because the matter in controversy exceeds the sum or value of $690,000, exclusive of interest and costs.

9. Venue for this Action is proper and appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim(s) occurred within the City of New York.

## BACKGROUND FACTS, CLAIMS & CAUSES OF ACTION

10. Plaintiffs repeat and reallege, as if set forth fully herein, all of the allegations made previously in this pleading.

**Defendant Mr. Samra & His Role in Yosi Samra Inc.**

11. Mr. Samra is the father of Yosi Samra and Eric Samra, who together owned and/or operated the defunct fashion company "Yosi Samra, Inc."

12. Yosi Samra Inc. sold women's fashion footwear in the United States of America, among other goods.

13. Defendant Mr. Samra was not an officer or employee of Yosi Samra Inc. He was involved in the business as one of its principal investors for the benefit and support of sons Yosi and Eric.

14. It was a matter of some regularity that defendant Mr. Samra wrote large personal checks to his sons for business and/or personal use, including, for example, providing son Eric with upwards of $100,000 to obtain a Porsche sports car.

15. At all times relevant hereto, defendant Mr. Samra had personal knowledge of information concerning the debts, liabilities, accounts payable, inventory, assets, sales, and/or overall financial condition of Yosi Samra Inc.

16. Defendant Mr. Samra's knowledge of and involvement with the accounts payable and liabilities of Yosi Samra Inc. included, for example, defendant Mr. Samra's personal involvement in Yosi Samra Inc.'s 2016 efforts to avoid or

reduce payments of $1.9 million debt the company owed to creditor Rong Xing Shoes Factory.

17. As of December 2016, defendant Mr. Samra had actual, personal knowledge that the accounts payable of Yosi Samra Inc. exceeded $1.9 million.

18. As a principal investor of significant means, assets, and wealth, defendant Mr. Samra frequently played the role of unofficial ambassador of Yosi Samra Inc.

19. Defendant Mr. Samra played that unofficial role to protect and further his personal financial interests as an investor in Yosi Samra Inc. who had significant sums of money tied up in the company.

20. Defendant Mr. Samra facilitated meetings with the company's key suppliers and other like creditors; accompanied them on junkets to top-tier restaurants in New York City; made statements to them concerning the financials and financial success of Yosi Samra Inc.; showed and/or participated in showing them information concerning company assets, liabilities, and finances; and, otherwise made representations and gave expressed assurances to them to cajole their reliance in the belief that Yosi Samra Inc. was a financially viable business partner.

**Plaintiff SGI & Its Role As A Supplier**

21. SGI is a Marshall Island company, operating in China, making footwear and fashion footwear for brand name retail sellers in various locations throughout the world.

22. Typically, SGI is provided with designs of the merchandise its client wants manufactured, produces samples of the products, and then, following client approval, manufactures the goods.

23. The manufactured goods are placed in large shipping containers by SGI for trans-oceanic transport, pursuant to purchase terms negotiated previously.

24. Typically, SGI's purchase terms with buyers was that the goods were delivered for shipment F.O.B., which allowed SGI to maintain control over the ultimate delivery of the goods in transit including, but not limited to, right and power to suspend, delay, and/or cancel delivery in the event of a payment dispute with its customer.

**The SGI-Yosi Samra Inc. Relationship**

25. Commencing in or about August 2016, SGI engaged in negotiations with Yosi Samra Inc. to manufacture and deliver fashion footwear for Yosi Samra Inc.

26. SGI's agreement with Yosi Samra Inc. required payment F.O.B.

27. Yosi Samra Inc. agreed as well to provide SGI with a Letter of Credit for purposes of securing payment for the goods SGI was to manufacture and ship.

28. It was during the fall of 2016 that SGI commenced the shipment of goods to Yosi Samra Inc.

29. In or about December 2016, there was due and owed from Yosi Samra Inc. to SGI a sum in excess of $300,000 for goods delivered previously.

30. Yosi Samra Inc. had failed to provide the Letter of Credit.

31. Accordingly, also in or about December 2016, Plaintiffs suspended delivery of containers holding goods ordered by Yosi Samra Inc. valued in excess of $690,000 (the "Goods in Transit").

32. Speaking on behalf of SGI, in a series of conversations which took place in or about December 2016, Mr. Lung told Yosi Samra Inc. that SGI would not release the Goods in Transit without additional adequate assurances that SGI would be paid, including but not limited to access to financial information disclosing Yosi Samra Inc.'s accounts payable and inventory demonstrating the company's financial strength and ability to pay for shipments when payment came due.

33. In response to SGI's suspension of delivery and request for security and assurances, Yosi Samra Inc. agreed to meet with SGI at Yosi Samra Inc.'s offices at 515 Greenwich Street, New York, New York (the "Meeting").

34. The subject of the Meeting was to address SGI's concern that Yosi Samra Inc. was financially distressed such that SGI should require payment in advance of releasing/delivering goods to Yosi Samra Inc.

35. The Meeting was attended by approximately seven people, including Mr. Lung and Mrs. Chen (on behalf of SGI), defendant Mr. Samra (as investor), and various officers and employees of Yosi Samra Inc. (including Mr. Samra's sons Yosi and Eric).

36. At the Meeting, SGI again advised, in sum and substance, that SGI needed evidence that Yosi Samra Inc. was financially secure before the goods would be released/delivered.

37. In response to SGI's position, with the participation and assistance of defendant Mr. Samra, there was displayed on a computer screen, to Mr. Lung and Mrs. Chen, what Mr. Samra and others represented to be current figures for the accounts payable and inventory of Yosi Samra Inc.

38. According to the information displayed on the computer screen, Yosi Samra Inc.'s current accounts payable was $500,000 (rounded to the nearest $100,000 for purposes of this pleading), and its current inventory was $4,000,000 (again, rounded to the nearest $100,000 for purposes of pleading).

39. Defendant Samra represented to Mr. Lung and Mrs. Chen in words and/or sum and substance, and/or was a material participant in making

representations to Mr. Lung and Mrs. Chen, the following factual statements: (a) Yosi Samra Inc. had inventory worth $4,000,000 (rounded to the nearest $100,000 for purposes of pleading); (b) Yosi Samra Inc. had $500,000 of accounts payable (rounded to the nearest $100,000 for purposes of pleading); (c) the $500,000 of accounts payable included the $300,000 then owed to SGI, as well as monies Yosi Samra Inc. owed its other major creditors (both amounts rounded to the nearest $100,000 for purposes of this pleading); (d) Yosi Samra Inc. was not in financial distress; (e) the information presented was reliable; and (g) other material representations (collectively, the "Representations").

40. Defendant Mr. Samra made the Representations to Mr. Lung and Mrs. Chen for the purposes of inducing their reliance and SGI's reliance, to induce SGI's to believe that it would be paid for the Goods in Transit, so that SGI would release the goods.

41. At the time he made and/or participated in making the Representations to Mr. Lung, Mrs. Chen and SGI, defendant Mr. Samra knew that the Representations were false.

42. Based upon personal knowledge, defendant Mr. Samra knew that the $500,000 (rounded to the nearest $100,000 for purposes of pleading) accounts payable figure omitted a $1.9 million account payable (rounded to the nearest

$100,000 for purposes of this pleading) which Yosi Samra Inc. owed to Rong Xing Shoe Factory (another creditor-supplier).

43. Based upon personal knowledge, defendant Mr. Samra knew as well that Yosi Samra Inc. did not have viable, unencumbered inventory worth $4,000,000 (rounded to the nearest $100,000 for purposes of this pleading); knew that Yosi Samra Inc. was financially distressed; and knew that SGI should not rely upon the false information presented at the Meeting.

44. Defendants JOHN DOES and JANE DOES are persons who participated with Mr. Samra in the creation and/or presentation of the Representations to Mr. Lung and/or SGI.

45. At the time they made and/or participated in making the Representations to Mr. Lung, Mrs. Chen, and SGI, each defendant (including Mr. Samra) knew that Yosi Samra Inc. had more than one set of financial books and records; knew that the electronically-displayed information of Yosi Samra Inc. was materially false and misleading; and, knew that the purpose of displaying such information to Mr. Lung, Mrs. Chen and SGI was to induce their reasonable reliance so that SGI's good would be released/delivered to Yosi Samra Inc.

46. At the time they made and/or participated in making the Representations to Mr. Lung, Mrs. Chen and SGI, defendant Mr. Samra knew that Yosi Samra Inc.'s accounts payable were actually in excess of $1.9 million; knew

that the actual value of Yosi Samra Inc.'s inventory was substantially less than $4,000,000 (rounded to the nearest $100,000 for purposes of this pleading); and knew that the Representations made to Mr. Lung, Mrs. Chen and SGI, were false.

47. Upon information and belief, Mr. Lung, Mrs. Chen, and SGI were not the only persons/entities to whom/which the defendants made such misrepresentations, and/or participated in the making of such misrepresentations.

48. Upon information and belief, the same and/or similar false information was provided to other suppliers, other creditors, employees, and/or executives, doing business, and/or being recruited to business, with Yosi Samra Inc.

49. Each of the defendants intentionally deceived Mr. Lung, Mrs. Chen and SGI.

50. Each of the defendants had a duty not to deceive Mr. Lung, Mrs. Chen and/or SGI.

51. Each of the defendants materially breached his/her duty to Mr. Lung, Mrs. Chen and/or SGI, by and through presenting false financial information concerning Yosi Samra Inc., presenting materially false, incorrect, and/or misleading financial information concerning Yosi Samra Inc.

52. Based on their reasonable reliance upon the Representations, Mr. Lung and Mrs. Chen did cause and/or permit SGI to release the Goods in Transit to Yosi Samra Inc.

53. Yosi Samra Inc. never paid SGI for the Goods in Transit, which Yosi Samra Inc. would not have received but for the fraud and deception which the defendants (including defendant Mr. Samra) perpetrated upon Mr. Lung, Mrs. Chen, and SGI.

54. At the date, time and place alleged above, each of the defendants (including defendant Mr. Samra) made the Representations to Mr. Lung, Mrs. Chen and/or SGI (including statements displayed electronically).

55. At the date, time and place alleged above, the Representations were materially false, incorrect and/or misleading.

56. At the date, time and place alleged above, each of the defendants (including defendant Mr. Samra) knew that the Representations were false, incorrect, and/or materially misleading, based upon his/her actual knowledge of information which conflicted materially with the sum and substance of the Representations.

57. At the date, time and place alleged above, each of the defendants (including defendant Mr. Samra) made the Representations with intent to deceive Mr. Lung, Mrs. Chen and and/or SGI.

58. At the date, time and place alleged above and thereafter, Mr. Lung, Mrs. Chen and/or SGI reasonably relied upon the Representations and, based upon that reliance, caused the Goods in Transit to be released/delivered to Yosi Samra Inc.

59. At the date, time and place alleged above and thereafter, each of the defendants (including defendant Mr. Samra) perpetrated a fraud by and through their Representations to Mr. Lung, Mrs. Chen, and SGI.

60. In the alternative, at the date, time and place alleged above and thereafter, each of the defendants (including defendant Mr. Samra) perpetrated a constructive fraud by and through their Representations to Mr. Lung, Mrs. Chen and/or SGI.

61. As a direct, proximate and/or "but for" result of Lung's and SGI's reasonable reliance upon the Representations, SGI has suffered and is continuing to suffer injury and harm, including but not limited to financial loss in excess of $690,000.

62. As a direct, proximate and "but for" result of Lung's and SGI's reasonable reliance upon the Representations, Mr. Lung has suffered and is continuing to suffer injury and harm, including but not limited to financial loss in the form of losses upon him financial investment in Plaintiff SGI in excess of $100,000.

**WHEREFORE,** plaintiffs SGI INTERNATIONAL CORP. and JOHN LUNG demand judgment against each and every defendant, jointly and severally, awarding in favor of the Plaintiffs compensatory damages, actual damages, punitive damages, costs of suit, attorney's fees and litigation expenses (to the maximum extent permitted under applicable law, code and/or rules), and such other relief as made be deemed just and proper.

DEININGER & ASSOCIATES, LLP
*Attorneys for Plaintiffs*

By: _____
Christopher L. Deininger, Esq.

Dated:      October 15, 2020

## JURY DEMAND

Plaintiff demands a trial by jury as to any and all issues in accordance with the Seventh Amendment to the United States Constitution and Federal Rule of Civil procedure 38.

DEININGER & ASSOCIATES, LLP
*Attorneys for Plaintiffs*

By: _____
Christopher L. Deininger, Esq.

Dated:      October 15, 2020