# JOSEPH, TERRACCIANO & LYNAM, LLP

ATTORNEYS AT LAW
2 ROOSEVELT AVENUE, SUITE 200
SYOSSET, N.Y. 11791
(516) 496-0202
FACSIMILE: (516) 921-7785

WWW.JTESQS.COM

JAMES N. JOSEPH, ESQ.
PETER J. TERRACCIANO, ESQ.
JANINE T. LYNAM, ESQ.

SETH A. ESCHEN, ESQ.
OF COUNSEL

> The Court will accept the late-filed Rule 56.1 statement, appearing at Dkt. No. 30. Plaintiffs shall file an amended opposition brief by December 27, 2021. Defendant's reply to the amended opposition brief is due January 3, 2022.
>
> SO ORDERED.
>
> LEWIS J. LIMAN
> United States District Judge
> 11/24/2021

November 19, 2021

Justice Lewis J. Liman, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **JOHN LUNG and SGI INTERNATIONAL CORP v. JACOB S. SAMRA, et. al.**
**Case No. : 1:20-cv-8631-LJL**
*Letter Motion*

Dear Judge Liman:

With reference to the above matter, please be advised that this firm is Counsel to the Defendant, Jacob Samra. In compliance with this Court's Order dated October 5, 2021, this firm filed a Motion for Summary Judgment on behalf of Mr. Samra on November 3, 2021. In connection with the Motion, and pursuant to the Local Rule 56.1 and Individual Practices, this firm prepared the attached Statement of Material Facts (titled as "Defendant Jacob Samra's Undisputed Facts Pursuant to Local Civil Rule 56.1"). Regrettably, due to an interoffice error, the Statement of Material Facts was not uploaded to CM/ECF with the Motion. This was first brought to our attention today, upon the receipt and review of Plaintiff's Opposition wherein Plaintiff seeks to have Mr. Samra's Motion dismissed on this basis.

In a good faith effort to rectify this situation, I personally contacted Plaintiff's counsel via email and telephone to amicably resolve same subject to the Court's approval. Unfortunately, as of the writing of this correspondence, I have been unable to get a response from Plaintiff's Counsel and make this letter application in the interests of time.

As the Court can clearly see, Plaintiff's Opposition was received by the undersigned at 9:34 a.m. on Friday, November 19, 2021, and read after it was printed and assembled shortly thereafter. *See email annexed hereto.* Upon reading, I first became aware of this issue to my great surprise. Immediately thereafter at 10:14 a.m., I sent an email to Plaintiff's Counsel Mr. Deininger alerting him to this inadvertent error and attached a copy of Defendant's Statement of Material Facts which was obviously prepared simultaneously with the Motion. *See email annexed hereto.* If the Court briefly reviews this document, you will note that the scope, breathe, detail and citation is clearly not something that could have been put together in forty (40) minutes.

It is respectfully requested that the Court recognize that Defendant's Motion encompassed five (5) Declarations, a Memorandum of Law and twenty-four (24) exhibits. Clearly, not having uploaded the Statement of Material Facts was simply an inadvertent oversight which should not be dispositive of Defendant's entire Motion. This is especially so since the Motion has not yet been fully briefed according to the briefing schedule set by the Court.

While we will take responsibility for this clerical situation, regrettably Plaintiff's Counsel was obviously well aware of this oversight and elected to exploit it in its Opposition papers rather than address it with our firm in good faith.

In light of the foregoing, it is respectfully requested that this Court accept the filing of Defendant's Statement of Material Facts, which has been uploaded at Docket No. 30. Simultaneously, we will send Defendant's Counsel a copy of the Word version of same and request that the Plaintiff be granted an extension of time to amend its Opposition papers, if so desired, and that the Reply and return date of the Motion be adjourned proportionately. This will cause no prejudice to any party and will aide in the just, speedy and inexpensive determination of the matter which should be heard on the merits, inclusive of the Statement of Material Facts, unless the Court elects to omit this requirement all together. Conversely, Defendant will be significantly prejudiced if the Motion is not heard or otherwise dismissed on this non-substantive and easily correctable matter where great time and expense to Defendant has already been incurred, and where this case may be disposed of before trial.

Thank you in advance for your consideration of the foregoing.

Very truly yours,
JOSEPH, TERRACCIANO & LYNAM, LLP

_____
James N. Joseph, Esq.
JNJ/saj

cc: Christopher L. Deininger, Esq.
   Via email and ECF